UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Lawsuit Cash Advance, LLC d/b/a Medfinance | ) ) | |
|     Plaintiff | ) ) | |
| v. | ) ) | 13-1461 |
| Peoria Day Surgery Center, Ltd. | ) ) | |
|     Defendant | ) ) | |

**REPORT AND RECOMMENDATION**

This Court has *sua sponte* raised the matter of its jurisdiction over the subject matter of this dispute. Because I conclude that jurisdiction is lacking and that the case should be remanded, I write this as a Report and Recommendation under 18 USC 636(b)(1)(B).

**I. INTRODUCTION**

Plaintiff Lawsuit Cash Advance LLC (d/b/a Medfinance) filed a breach of contract suit against Defendant Peoria Day Surgery Center Ltd., ("PDSC") in the Tenth Judicial Circuit, Peoria County, Illinois. PDSC then filed a counterclaim against Medfinance (alleging breaches of various business agreements) and a third party claim against Brad Carder, the attorney who represented Plaintiff in that case. The third party claim asserts that Carder tortuously interfered with the contract in various ways and that PDSC has incurred costs and expenses in attempting to mitigate the harmful effects of Carder's disclosure of patient information into the public record in violation of HIPAA.

Carder removed the case to this Court on the basis of federal question jurisdiction, asserting that the third party claim arose under federal law, namely HIPAA. The Court entered an Order directing Carder to address the question whether a third party defendant may remove an

1

action to federal court. Carder has now filed that brief, and PDSC has filed a response to that brief.

The general parameters for removal are stated in 28 USC 1441(a), which provides:

> (**a) Generally** -- Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have *original jurisdiction*, may be removed by the *defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.

*Id* [emphasis added].

Cases that fall under paragraph (a) are those in which *all* the claims asserted in the complaint are within either original or supplemental jurisdiction. In other words, the complaint contains either (1) diverse parties with the proper amount in controversy; or (2) at least one claim that arises under federal law, with all other claims "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 USC 1367(a). In either situation, the entire case is removable under paragraph (a) of §1441.

In a few cases, however, a complaint includes a claim against a non-diverse defendant or it includes a claim that arises under state law but is not part of the same case or controversy. In such cases, paragraph (a) would not permit removal of the entire case. In this narrow situation, removal is governed by paragraph (c)[1] of §1441 which provides:

(c) **Joinder of Federal law claims and State law claims** –

    (1) If a civil action includes –

---

[1] This paragraph was substantially re-written in 2011. It had previously read, "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." See, Historical and Statutory Notes, 28 USCA 1441 (2013). Because of this change, cases that predate the amendment must be applied with care.

> > (A) a claim arising under the Constitution, laws or treaties of the United States (within the meaning of section 1331 of this title), and
>
> > (B) a claim not within the original or supplemental jurisdiction of the district court …
>
> the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (a)(B) and shall remand the severed claims to the State court from which the action was removed …

28 USC 1441(c).

In the case before this Court, it is the position of the third party defendant Brad Carder that, while the original complaint is not removable, the addition of a third party complaint that includes a federal law claim authorizes removal of this case under paragraph (c). He asserts that this Court should conclude that removal was proper, keep the federal law claim, and remand the state law claim. PDSC responds that the third party claim is part of the same constitutional case or controversy, so that if removal is deemed proper, the Court should keep the entire case. PDSC does not opine on whether removal was or was not proper.

As explained in the discussion below, the law in the Seventh Circuit has been clear for nearly 30 years: a third party defendant cannot remove a case. In addition, in this case the third party claim does not arise under HIPAA, so no federal claim was presented in the first instance. I therefore conclude that Carder improvidently removed this case, and I recommend that the case be remanded to State court.

## II. DISCUSSION

Subject-matter jurisdiction is our foremost concern; without it, "the court cannot proceed at all in any cause." *GE Betz, Inc. v Zee Co., Inc.,* 718 F3d 615, 622 (7th Cir 2013), citing *Steel Co. v Citizens for a Better Env't,* 523 US 83, 94, (1998) (quoting *Ex parte McCardle,* 7 Wall.

506, 514, 19 L.Ed. 264 (1868)). Generally, a defendant may remove a case to federal court whenever the district court would have had original jurisdiction over the claim had it been filed in federal court. 28 USC 1441(a). The removing party bears the burden of establishing original subject matter jurisdiction. *Boyd v Phoenix Funding Corp.*, 366 F3d 524, 529 (7th Cir 2004). The removal statute is construed narrowly, and doubts are resolved in favor of remand. *Doe v Allied-Signal Inc.*, 985 F2d 908, 911 (7th Cir 1993).

The Seventh Circuit first spoke to the question whether a third party defendant may remove a case in *Thomas v Shelton*, 740 F2d 478 (1984). In that case, a child had been injured on a leased farm. His mother sued the lessor of the farm. Because the father was a member of the armed services, the child's medical bills had been paid by the United States. The United States brought suit against the lessor in federal district court to recover those expenses under the Federal Medical Care Recovery Act. Fearing double liability, the farm lessors then interpleaded the United States in the state court case. The United States then removed the state court action to federal court, on the basis of 28 USC 1444, which allows the United States to remove any action brought against it under 28 USC 2410.[2] The two federal actions were consolidated. After a decision on the merits for the lessors, the child and the United States appealed.

On appeal the Seventh Circuit considered the propriety of removal. In concluding that the removal was improper, Judge Posner emphasized that federal jurisdiction depends on the allegations of the well pleaded complaint rather than on issues that come in later. *Id* at 482. The fact that the United States had a claim under federal law as a subrogee did not mean that the tort claim arose under federal law. *Id*. The Court stated that "in the broad run of third-party cases…the third party defendant cannot remove the case under section 1441(c), although it

---

[2] This statute allows the United States to be interpleaded as to "real or personal property on which the United States has or claims a mortgage or other lien."

declined to adopt "a universal and absolute rule" to that effect. *Id* at 487.  The district court's judgment was vacated, with instructions to remand the case.[3]

The holding in *Thomas* was repeated and reapplied in *Adkins v Illinois Central Railroad Co.*, 326 F3d 828 (7th Cir 2003), and it has been applied uniformly[4] by district courts within the Seventh Circuit for nearly 30 years in all types of cases.   See, for example, *Argent Healthcare Financial Services Inc. v Crawley*, 2011 WL2604699 (NDIN)(remand ordered where removal under 1441(c) did not involve separate and independent claim); *Fortuna v Illinois Sports*, 668 FSupp 2d 1080, 1084 (NDIL 2009) (federal claim raised in cross-complaint against co-defendants did not confer federal question jurisdiction in removed action);  *Brown v American Family Ins. Group Inc.*, 2007 WL 1119210 (NDIL)(possible VA lien not raise federal question, so remand ordered); *Sabo v Dennis Technologies, LLC,* 2007 WL 1958591 at *4–5 (SD IL)(finding improper removal by third party defendant on the basis of diversity jurisdiction); *Sturman v Rush-Presbyterian-St. Luke's Med. Ctr.,* 128 FSupp 2d 1139, 1140 (NDIL 2001) (finding improper removal by third party defendant Red Cross); *Easton Fin. Corp. v Allen,* 846 FSupp 652, 653 (NDIL 1994); and *Easton Fin. Corp. v Allen,* 846 FSupp 652, 653 (NDIL 1994).

Leading treatises on federal civil procedure also provide support for this position. *See* 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3722.3, at 616 (4th ed. 2009) ("A majority of the considerable number of cases decided by the courts of appeals and the district courts also have concluded that a third-party

---

[3]  In one important part of the discussion, the *Thomas* Court explains that paragraph (c) only has applicability to diversity cases, because the presence of a completely unrelated state law case in a federal question case would not preclude removal of the entire case. There is not universal agreement on this question, as is further discussed below relative to Carder's position that it was not proper to file the third party claim in this action.

[4] Carder does cite to *Ford Motor Credit Co v Aaron-Lincoln Mercury Inc.*, 563 FSupp 1108 (NDIL 1983), a case in which a third party defendant was allowed to remove a case. Considering that this case predates *Thomas*, however, its precedential value is highly questionable.

defendant or a cross-claim defendant is not entitled to remove a case utilizing Section 1441(c)."); 16 James Wm. Moore, Federal Practice § 107.11[1][b][iii], at 107-33 to -34 (3d ed. 2008) ("[R]emoval under Section 1441(c) has been limited to removal based on claims asserted by the plaintiffs. This view comports with the firmly embedded principle to construe narrowly the right of removal.").

In the face of this authority, Carder maintains that this Court can utilize a functional approach to deciding whether a third party defendant should be considered a "defendant" for purposes of removal. In support of this proposition, Carder cites to *GE Betz Inc v Zee Co*, 718 F3d 615 (7th Cir 2013), a case in which the Court had to decide if a party designated by Illinois law as a "third party citation respondent" qualified as a defendant who could properly remove a case under §1441(a) or (b). In no part of that case, however, did the Court of Appeals discuss removal under §1441(c) or come close to questioning (or even citing) the long line of cases limiting removal by third party *defendants*.

In fact, the Seventh Circuit emphatically rejected the contention that a third party citation respondent was like a third party defendant.

> [I]t makes no sense to liken Harris to a third-party defendant. A third-party defendant is a 'party brought into a lawsuit by the original defendant.' ... But Harris was not brought into this suit by the defendant, Zee; Harris was brought into this suit by the plaintiff, GE Betz - in the same manner that a plaintiff would bring any original defendant into a lawsuit."

*Id* at 631.

Carder also relies on cases from outside the Seventh Circuit that have ruled differently as to removal by third party defendants. In light of the unambiguous law within the Seventh Circuit, however, this Court has no need to consider those cases.

Carder also argues that the third party suit against him was improperly filed, because it is not derivative of the main action between the Plaintiff and Defendant. In both Illinois law and

6

federal law, he asserts, a third party action is only proper when resolution of that action is dependent on resolution of the primary action. It is unnecessary to resolve that question, because that is not a basis for jurisdiction. That is a matter for a motion under FRCP 12 or the Illinois equivalent. If Carder is correct about this assertion, then the third party claim against him will be dismissed on that basis. If PDSC wants to pursue him for damages, it would then be free to file a separate lawsuit against him.

Finally, the Court notes its concern with whether the third party complaint arises under federal law at all. The third party complaint consists of one count, a claim for tortious interference in the execution of certain agreements between Medfinance and PDSC. As an example of either the interference or perhaps the damages, PDSC asserts that Carder included in the complaint he drafted information that is protected under HIPAA. No separate cause of action for that violation is pleaded, and there is case law finding that HIPAA provides no private right of action. *Carpenter v* Phillips, 2011 WL 1740102 (7th Cir)(unpublished disposition, finding that HIPAA does not furnish a private right of action. See also, *Litterly v Springfield Clinic*, 2012 WL 764435 (CDIL)(Myerscaugh, J); *Doe v Board of Trustees of the University of Illinois*, 429 FSupp2d 930, 944 (NDIL 2006); *Phillips v WellPoint Inc*, 900 FSupp2d 870 (SDIL 2012).

The fact that a violation of HIPAA is alleged does not mean that the claim arises under federal law. The connection between the third party complaint and HIPAA is tenuous at best and the mere mention of a statute does not create a constitutional case or controversy.

## CONCLUSION

I find that removal of this case was improvident and as a result I recommend that the case be remanded. The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk within ten (10) working days after service of this Report

and Recommendation. FRCP 72(b); 29 USC636 (b)(1). Failure to object will constitute a waiver of objections on appeal. *Johnson v Zema Sys. Corp.*, 170 F3d 734, 739 (7th Cir 1999); *Video Views Inc. v Studio 21, Ltd.,* 797 F2d 538 (7th Cir 1986).

Entered: October 22, 2013

s/ John A. Gorman

John A. Gorman
U.S. Magistrate Judge