E-FILED
Wednesday, 04 December, 2013  09:19:38 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LAWSUIT CASH ADVANCE LLC d/b/a Medfinance, ) ) Plaintiff, ) ) v. ) ) Peoria Day Surgery Center, Ltd. ) ) Defendant. ) | Case No. 13-cv-1461 |

## O R D E R

This matter is before this Court following a Report and Recommendation [#10] issued by United States Magistrate Judge John A. Gorman recommending this case be remanded for lack of subject matter jurisdiction. For the following reasons, the Court adopts the findings of the Report and Recommendation in its entirety.

## BACKGROUND

Plaintiff Lawsuit Cash Advance LLC d/b/a Medfinance ("Medfinance") filed a breach of contract suit against Defendant Peoria Day Surgery Center Ltd. ("PDSC") in the Circuit Court of the Tenth Judicial Circuit, Peoria County, Illinois. The Complaint alleged that Medfinance entered into a contract with PDSC to purchase certain accounts receivables from PDSC. Medfinance alleges that pursuant to their contract, PDSC was to turn over any payments received with regard to any purchased account. Medfinance alleges that PDSC failed to turn over the payments received, thereby breaching the contract. PDSC filed an answer and a counterclaim alleging that Medfinance breached the Assignment Agreement and the Business Associate Addendum. PDSC also filed a third party complaint against Brad A. Carder ("Carder"), counsel for Medfinance, alleging that Carder tortiously interfered with the Business Associate Agreement

between PDSC and Medfinance by including patients' Protected Health Information in the Complaint filed by Medfinance.

On September 25, 2013, Carder filed a notice of removal.  This Court raised *sua sponte* the issue of subject matter jurisdiction and ordered Carder to file a brief on removal jurisdiction. Carder filed a supplemental brief and PDSC filed a response.  On October 22, 2013, the Magistrate Judge filed a Report and Recommendation, which recommended that the case be remanded to state court for lack of subject matter jurisdiction. Carder objected to the report in its totality.

## STANDARD OF REVIEW

A district court reviews *de novo* any portion of a magistrate judge's report and recommendation to which written objections have been made.  See Fed. R. Civ. P. 72(b).  "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions."  Id.

## ANALYSIS

This Court agrees with the Magistrate that the law has been well-settled in the Seventh Circuit: third-party defendants brought into a state-court action are not entitled to remove the proceedings to federal court. See Thomas v. Shelton, 740 F.2d 478, 486-87 (7th Cir. 1984); Komeshak v. Concentra, Inc., 2005 U.S. Dist. LEXIS 23231 (S.D. Ill. Oct. 7, 2005); Sturman v. Rush-Presbyterian St. Luke's Med. Ctr., 128 F. Supp. 2d 1139, 1140 (N.D. Ill. 2001); Loyola Med. Practice Plan v. Tromiczak, 10 F. Supp. 2d 943, 944 (N.D. Ill. 1998).  Further, the Court concurs with the Magistrate's conclusion that the third-party complaint does not arise under the "the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Therefore, this Court finds that it lacks subject matter jurisdiction over this case and the matter must remanded back to

state court.

## CONCLUSION

Accordingly, the Court now ADOPTS the Report and Recommendation [#10] of the Magistrate Judge in its entirety. Defendant Carder's Objections [#11] are OVERRULED.  This matter is REMANDED to the Circuit Court for Peoria County, Illinois, and all other pending motions are moot.

ENTERED this 4th day of December, 2013.

/s/ James E. Shadid
James E. Shadid
Chief United States District Judge